UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20434-SCOLA

UNITED STATES OF AMERICA

vs.

ASIEL HERNANDEZ RODRIGUEZ,

Defendant.
_____/

## AGREED FACTUAL PROFFER

The United States of America and Asiel Hernandez Rodriguez ("RODRIGUEZ") agree that had this case gone to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

From June 2016 through at least October 2016, RODRIGUEZ knowingly and willfully conspired with Alejandro Gonzalez Almeida, Jose Llarena, Nelson Ramirez, and others, to (1) knowingly engage in monetary transactions over $10,000, affecting interstate commerce, in money that RODRIGUEZ knew to be criminally derived proceeds, and that were in fact the proceeds of access device fraud; and (2) knowingly conduct financial transactions affecting interstate commerce, involving money that RODRIGUEZ knew to be the proceeds of unlawful activity, and knowing that the transaction was designed to conceal and disguise the nature, location, source, ownership and control of the proceeds of the access device fraud.

RODRIGUEZ was involved in multiple aspects of the extensive scheme. First, on August 17, 2015, he incorporated Save Card, LLC ("Save Card"), a Florida corporation located in Miami-Dade County. Throughout the relevant period, RODRIGUEZ was the sole owner, operator, and

registered agent of Save Card. Corporate documents and bank records listed Save Card's business address as RODRIGUEZ's residence. Save Card maintained a bank account at Bank of America, which is a national bank with branches across the United States that is federally insured by the Federal Deposit Insurance Corporation ("FDIC"). RODRIGUEZ opened this bank account in June 2016, and had sole signatory authority over it. As set forth below, RODRIGUEZ then used Save Card to engage in financial transactions involving criminally derived funds.

CardCash Exchange, Inc., d/b/a www.cardcash.com ("CardCash") is a company headquartered in Brick, New Jersey that operates an online gift card marketplace where users can sell unwanted gift cards for up to 92% their value. CardCash subsequently resells those gift cards to other customers. CardCash allows members selling copious gift cards through their accounts to become "bulk sellers." In furtherance of the unlawful scheme, in or around June 2016, RODRIGUEZ opened a Save Card account with CardCash. Throughout the scheme, RODRIGUEZ was the sole owner, operator, and point of contact for this CardCash account, which he used to launder criminally derived funds that he helped to obtain as a gift card bulk seller.

From in or around July 2016 through in or around October 2016, RODRIGUEZ used the Save Card account at CardCash to sell approximately 15,000 fraudulently obtained gift cards with a stored value of nearly $3 million. By selling the fraudulently obtained gift cards through CardCash, RODRIGUEZ caused a total of approximately $2,359,076.30 in criminally derived funds to be wire transferred from the CardCash bank account in in Brick, New Jersey, to the Save Card bank account at Bank of America ending in 0562 that was owned and controlled by RODRIGUEZ.

As part of the scheme, after the proceeds from the sale of the fraudulently obtained gift cards were deposited into his Save Card account, RODRIGUEZ then undertook a number of

financial transactions designed to conceal and disguise the source, ownership, origin and control of the criminally derived proceeds. To do this, RODRIGUZ transferred these criminally derived funds into the accounts of numerous individuals and entities, including shell corporations. For example, on September 20, 2016, RODRIGUEZ caused a wire transfer totaling $20,599.00 to be sent from the Save Card bank account to an account at Bank of America ending in 8168 in the name of AG Market USA, LLC, a shell company owned by co-conspirator Alejandro Gonzalez Almeida. RODRIGUEZ caused at least 19 additional wire transfers, totaling more than $300,000.00, to be sent to the AG Market USA, LLC bank account. As part of the unlawful scheme, and as directed by RODRIGUEZ, co-conspirator Almeida then withdraw most of those funds in cash and returned them to RODRIGUEZ, in exchange for a portion of the funds.

Likewise, on September 23, 2016, RODRIGUEZ caused a wire transfer totaling $19,999.99 to be sent from the Save Card bank account to an account at Citibank ending in 4135 in the name of the Look Good Promotions Corp., a shell company owned by co-conspirator Jose Llarena. RODRIGUEZ later caused at least three additional electronic funds transfers, each in excess of $10,000, to be sent to the Look Good Promotions Corp bank account. Subsequently, as instructed by RODRIGUEZ and others, and as part of the agreed up unlawful scheme, Jose Llarena withdraw the funds in cash and returned them to RODRIGUEZ, in exchange for a fee. In furtherance of the scheme, RODRIGUEZ also made additional transfers in amounts greater than $10,000, via wire and check, into the bank account for Modern Technologies, Inc., a company owned by co-conspirator Nelson Ramirez. To further facilitate his laundering, sanitize the funds, and evade detection, RODRIGUEZ and his co-conspirators used numerous shell companies, layered transactions, and transfers to corporate accounts and third parties. Each of these transactions affected interstate commerce.

RODRIGUEZ also personally taught co-conspirators such as Alejandro Gonzalez Almeida how to purchase large numbers of gift cards throughout the United States using stolen credit and debit cards, then quickly transmit the information, often via wire, to the Southern District of Florida so RODRIGUEZ could quickly post the fraudulently obtained gift cards on CardCash through his Save Card account. In addition to training others about how to execute the fraudulent scheme to launder funds, RODRIGUEZ also used nominee owners and companies in order to post and sell more fraudulently obtained gift cards on CardCash, and launder the criminally derived funds.

The above facts are corroborated by, among other things, certified business records, bank documents, wage and earnings records, financial analysis, evidence obtained during search warrants, electronic communications, CardCash records, and witness testimony.

The information contained in this proffer is not a complete recitation of all the facts and circumstances of this case, but the parties admit it is sufficient to prove beyond a reasonable doubt a violation of Title 18, United States Code, Section 1956(h), that, is, Conspiracy to Commit Money Laundering, as charged in Count 1 of the Indictment.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 10/11/19          By: _____
                             ANNE P. MCNAMARA
                             ASSISTANT UNITED STATES ATTORNEY

Date: 10/11/19          By: _____
                             JORGE L. VIERA
                             ATTORNEY FOR DEFENDANT

Date: 10/11/19          By: _____
                             ASIEL HERNANDEZ RODRIGUEZ
                             DEFENDANT